UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARATHON PETROLEUM COMPANY
LP,

    Plaintiff,

v.

                                    Case No. 10-14068

FUTURE FUELS OF AMERICA, LLC,          Honorable Patrick J. Duggan
HAKIM FAKHOURY, also known as
ABDELHAKEEM FAKHOURY, and
OASIS OIL, LLC,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 10, 2011.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On October 11, 2010, Marathon Petroleum Company LP ("Marathon") filed this action, alleging breaches of agreements relating to the sale and distribution of petroleum products. Before the Court is a Motion to Set Aside Entries of Default and Default Judgment, filed by Future Fuels of America, LLC and Hakim Fakhoury (collectively, "Defendants") on January 14, 2011 pursuant to Federal Rule of Civil Procedure 55(c). The matter has been fully briefed, and the Court heard oral argument on May 5, 2011. For the reasons stated below, the Court conditionally grants Defendants' Motion.

**I. Procedural Background**

Marathon served process on Future Fuels of America, LLC and Fakhoury on November 8, 2010 and November 30, 2010, respectively. Neither filed any pleadings, and on December 23, 2010, Marathon requested a clerk's entry of default. The clerk entered defaults against Defendants on December 27, 2010, and Marathon claims that neither Defendant responded. On December 31, 2010, Marathon moved for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). On January 5, 2011, the clerk entered a default judgment against Defendants in the amount of $6,943,591.76.

Defendants entered an appearance on January 14, 2011 and moved to set aside the entries of default and the default judgment pursuant to Federal Rule of Civil Procedure 55(c). Defendants assert that they were unable to quickly retain substitute counsel to represent them in this matter, despite their diligent efforts. They claim that they failed to answer the Complaint based on a mistaken belief that the time for filing an answer had not expired. Defendants request that the Court set aside the entries of default and the default judgment, allowing this case to proceed on its merits.

## II. Standard of Review

Federal Rule of Civil Procedure 55(c) provides that the Court may set aside an entry of default for "good cause." In determining whether "good cause" exists, courts consider: (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). The Court may also set aside a default judgment, but evaluates such requests under Rule 60(b). Fed. R. Civ. P. 55(c). The same three-factor analysis applies, but a defendant must demonstrate that the

default did not result from his culpable conduct before the Court considers the remaining two factors. *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). The Court applies Rule 60(b) liberally to achieve substantial justice, as judgment by default is "a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983). Any doubt should be resolved in favor of the petition to set aside the judgment, so that cases may be decided on their merits. *Weiss*, 283 F.3d at 795 (quoting *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)).

### III. Discussion

**A. Culpable Conduct**

The Court first considers Defendants' request to set aside the default judgment. A defendant shows that the default did not result from his culpable conduct by meeting the standards of Rule 60(b)(1); that is, by demonstrating that his default was the product of "mistake, inadvertence, surprise, or excusable neglect." *Weiss*, 283 F.3d at 795. Defendants claim that their previously retained counsel, Akeel & Valentine PLC, notified them in December 2010 that a conflict of interest prohibited continued representation of Defendants in this matter. Fakhoury Aff. ¶ 16. Defendants claim that retaining new counsel required some time, as other attorneys were unwilling to represent them. *Id.* ¶ 17-18. Defendants further assert that they sent an e-mail message to Marathon's counsel on December 30, 2010, explaining that they were hiring new counsel and requesting to set aside the default. Defs.' Br. Supp. Mot. Ex. A. Defendants claim that they failed to respond to the Complaint because they were unaware of the time period within which the

3

answer must be filed. Fakhoury Aff. ¶ 19. Given that Defendants have retained new counsel and responded quickly to the default judgment, the Court concludes that the delay was excusable. Because there is no indication that Defendants were aware that they were required to answer within twenty-one days of service, it appears that their failure to answer prior to retaining new counsel resulted from mistake. The Court concludes that the default judgment was not a result of Defendants' culpable conduct.

**B. Meritorious Defense**

Likelihood of success is irrelevant in determining whether a defendant has a meritorious defense. *United Coin Meter*, 705 F.2d at 845. "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* Defendants claim that Marathon violated the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq* ("PMPA"). Marathon claims that Defendants' liability stems in part from the Product Supply Agreement entered into by the parties. *See* Compl. ¶¶ 30-48. This agreement arguably incorporates the provisions of the PMPA into its terms, stating that Defendants' use of Marathon's trademarks and sale of its products is "subject to and governed by the PMPA." Compl. Ex. E § 7.1(a). Thus, violations of the PMPA by Marathon could constitute a breach of the Product Supply Agreement. Under Michigan law, "the party who commits the first substantial breach of contract cannot maintain an action against the other contracting party for failure to perform." *Kvaerner U.S., Inc. v. Hakim Plast Co.*, 74 F. Supp. 2d 709, 720 (E.D. Mich. 1999) (citing *Ehlinger v. Bodi Lake Lumber Co.*, 324 Mich. 77, 89, 36 N.W.2d 311, 316 (Mich. 1949)). To the extent that Defendants allege that Marathon committed such a breach, they state a valid defense to

Marathon's claim.

### C. Prejudice to the Plaintiff

Setting aside the default judgment will not prejudice Marathon. "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). Marathon argues that Defendants have delayed payment for over a year, yet delay alone is insufficient to establish prejudice. *Id.* Marathon contends that setting aside the default judgment will allow Defendants to put their assets out of reach of the Court, but this is speculation, as there is no evidence that Defendants have taken or planned such action. Marathon has failed to establish that prejudice would result from setting aside the default judgment.

### D. Conclusion

Because each of the three factors weighs in Defendants' favor, and there is a strong interest in deciding cases on their merits, the Court concludes that the default judgment should be set aside. As for the entries of default against Defendants, the Court notes that the same three-factor analysis applies under Rule 55(c). The entries of default should be set aside for the reasons stated above. The Court notes, however, that the entries of default and default judgment were obtained due to Defendants' failure to respond to the pleadings in this matter. Defendants' inaction also led Marathon's counsel to undertake efforts in opposing the motion to set aside the entries of default and default judgment. The Court believes that a minor sanction is appropriate to compensate Marathon's counsel for its efforts. The Court therefore conditions its order setting aside the entries of default and the

5

default judgment on Defendants' payment of **five hundred dollars ($500)** to Marathon's counsel within **fifteen (15) days** of the date of this Opinion and Order.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Set Aside Entries of Default and Default Judgment is **GRANTED**, on the condition that Defendants pay **five hundred dollars ($500)** to Marathon's counsel within **fifteen (15) days** of the date of this Opinion and Order.

s/PATRICK J. DUGGAN<br>
UNITED STATES DISTRICT JUDGE

Copies to:

Abdu H. Murray, Esq.
Amy M. Johnston, Esq.
Mohsin A. Mashhour, Esq.