UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARATHON PETROLEUM COMPANY LP, a Delaware limited partnership,<br><br>       Plaintiff,<br><br>v.<br><br>FUTURE FUELS OF AMERICA, LLC, a Michigan limited liability company; HAKIM FAKHOURY also known as ABDELHAKEEM FAKHOURY, an individual; and OASIS OIL, LLC, a Michigan limited liability company,<br><br>       Defendants.<br><br>And<br><br>OASIS OIL, LLC, a Michigan limited liability company,<br><br>       Third-Party Plaintiff,<br><br>v.<br><br>NIDAL ZRIEK, an individual, and MONROE GAS & MART, INC., a Michigan Corporation,<br><br>       Third-Party Defendant. | Hon. Patrick J. Duggan<br>Magistrate Judge:  Mark A. Randon<br><br>Civil Action No.: 2:10-cv-14068<br><br>**STIPULATED PROTECTIVE ORDER** |

_____/

| | |
|---|---|
| MILLER CANFIELD PADDOCK AND STONE, PLC<br>Amy M. Johnston (P51272)<br>Abdu H. Murray (P61032)<br>Scott A. Warheit (P71560)<br>Attorneys for Plaintiff, Marathon Petroleum Company LP<br>150 W. Jefferson Avenue, Suite 2500<br>Detroit, MI  48226<br>(313) 963-6420<br>johnston@millercanfield.com<br>murray@millercanfield.com | M MASHHOUR LEGAL SERVICES, PLLC<br>Mohsin Mashhour (P47009)<br>Co-Counsel for Defendants, Future Fuels of America, LLC and Hakim Fakhoury<br>15009 W. Warren<br>Dearborn, MI  48126<br>(313) 945-1600<br>mmashhour@comcast.net |

Caption continues on next page

| | |
|---|---|
| AKEEL & VALENTINE PLC<br>Shereef H. Akeel (P54345)<br>S. Hussain Akbar (P67967)<br>Attorney for Oasis Oil and Co-Counsel for Defendants, Future Fuels of America, LLC and Hakim Fakhoury<br>888 W Big Beaver Road, Suite 910<br>Troy, MI 48084<br>(248) 269-9595<br>shereef@akeelvalentine.com | FISCHER FRANKLIN & FORD<br>Troy C. Otto (P67448)<br>Attorney for Nidal Zriek and Monroe Gas & Mart, Inc.<br>500 Griswold Street, Suite 3500<br>Detroit, MI 48226<br>(313) 962-5210<br>otto@fischerfranklin.com |

_____/

### STIPULATED PROTECTIVE ORDER

At a session of said Court held in the
United States District Court for the Eastern District of Michigan
this 9th day of September, 2011

PRESENT:  HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

It is hereby stipulated and agreed by and between the respective parties hereto and their counsel, and ordered by the Court, that materials and information produced by any party in this matter for discovery and inspection are subject to the following terms, restrictions and conditions:

1. Documents or discovery responses containing Confidential Information disclosed or produced in this litigation are referred to as "Protected Documents." Except as otherwise indicated, all documents or discovery responses designated by the producing party as "Confidential", "Subject to Protective Order" or with a similar designation and which are disclosed or produced to the attorneys for the parties to this litigation are Protected Documents and are entitled to confidential treatment as described herein.

2. Protected Documents and any information contained therein shall not be used for any competitive or business purpose whatsoever, and shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, except solely for the prosecution of this litigation and only to the following persons:

      a.    Counsel of record in this action;

      b.    Employees of counsel of record in this action assigned to and necessary to assist such counsel in the preparation and trial of this action;

      c.    In-house counsel employed by a party to this action, assigned to assist with the prosecution or defense of the-above captioned litigation;

      d.    Persons retained by a party or their counsel of record to serve as expert witnesses or to provide advice to counsel of record in this action.

      e.    The Court under appropriate seal or confidential designation.

      f.    Facilitators, if any, mutually agreed upon by the parties in writing.

3.    Any person to whom such documents or information contained therein is to be disclosed shall be advised by counsel making that disclosure that, pursuant to this Stipulated Protective Order, such person or firm may not divulge any such information to any other person. In the event that Protected Documents and/or any information contained therein is disclosed to in-house counsel employed by a party to this action, it is expressly agreed and understood that disclosure is limited to the individual, and is not deemed disclosure to corporation or party, and that within the corporation or party, disclosure may not be had except with respect to in-house counsel as defined above. It is an express violation of this Protective Order to disseminate or disclose Protected Documents or the information contained therein to any competitor of either Marathon Petroleum Company LP ("Marathon"), Future Fuels, Inc., or Oasis Oil, LLC, or to be used for any competitive, business or any purpose other than the prosecution of the above-captioned litigation.

    In the event that any Protected Document is to be included with any pleading, motion, or other paper filed with the Clerk of this Court, the parties are required, *prior to* electronic filing or disclosure, to seek confidential treatment of any such document, such as *in camera* review or seal in accordance with the Federal Rules of Civil Procedure and applicable local rules.

4. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

5. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

6. Any independent court reporter or transcriber retained by any party who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such and/or Protected Documents under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel for the producing party.

7. The production of such documents subject to this Protective Order shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have. Inadvertent or unintentional production of documents or information containing Confidential Information which is not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any document may be designated "confidential" at any time.

8. The parties may object to the designation by any other party of a document as confidential. The objecting party shall first send the designating party notice of this objection, with reasons therefore, in writing no less than 7 days before petitioning the Court for relief. If, after 7

days the designating party has not removed the designation, the objecting party may petition the Court to have the designation removed.

9. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, publicize or use for any competitive or business purpose whatsoever Protected Documents or any information contained therein. Protected Documents may only be used for the purpose of prosecuting or defending the above-captioned litigation.

10. Within forty-five (45) days upon the termination of this action, by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return all copies made by anyone of the Protected Documents or the information contained therein, together with all originals and copies of notes, sketches, data, compilations, extracts and reproductions, to the counsel for the Producing Party. The party or parties returning the documents shall include a letter and certificate of compliance from all persons privy to this material that all documents, copies of such documents, or written material recording the information contained in such documents have been returned to producing party.

11. This Order shall be binding upon the parties and their attorneys, successors, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

12. After termination of the above-referenced litigation, the provisions of this Order shall continue to be binding, and the Court shall retain continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order.

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated: September 9, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on Friday, September 09, 2011, by electronic and or ordinary mail.

        s/Marilyn Orem
        Case Manager

Stipulated and Agreed:

    The undersigned stipulate to the entry of this order.


s/Abdu H. Murray
Abdu H. Murray (P61032)
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Plaintiff, Marathon Petroleum Company LP


s/with consent Shereef Akeel
Shereef Akeel (P54345)
Akeel & Valentine PLC
Attorney for Oasis Oil and Co-Counsel for Defendants, Future Fuels of America, LLC and Hakim Fakhoury


s/with consent Mohsin Mashhour
Mohsin Mashhour (P47009)
M Mashhour Legal Services, PLLC
Co-Counsel for Defendants, Future Fuels of America, LLC and Hakim Fakhoury


s/with consent Troy C. Otto
Troy C. Otto (P67448)
Fischer Franklin & Ford
Attorney for Nidal Zriek and Monroe Gas & Mart, Inc.