UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARATHON PETROLEUM COMPANY
LP, a Delaware limited partnership,

       Plaintiff,                           Case No. 10-14068

v.                                     Honorable Patrick J. Duggan

FUTURE FUELS OF AMERICA, LLC, a
Michigan limited liability company,
HAKIM FAKHROUY, a/k/a
ABDELHAKEEM FAKHOURY, and
OASIS OIL, LLC, a Michigan limited
liability company,

       Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 14, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On October 11, 2010, Marathon Petroleum Company LP ("Plaintiff" or "MPC")

filed this suit, alleging breaches of agreements relating to the sale and distribution of

petroleum products. Before the Court is Plaintiff's motion to dismiss the Counter-

complaint filed by Future Fuels of America, LLC ("Future Fuels") and for partial

judgment on the pleadings with respect to Plaintiff's claims. The matter has been fully

briefed, and the Court held a hearing on October 13, 2011. For the reasons stated below,

the Court grants the motion for partial judgment on the pleadings and grants in part the

motion to dismiss.

## I. Factual and Procedural Background

This lawsuit concerns the operation of several gas stations in the metro Detroit area. Plaintiff and Future Fuels entered into a Product Supply Agreement ("PSA") under which Future Fuels would distribute Plaintiff's vehicle fuels and other related products. Plaintiff also entered into several Improvement Agreements with Future Fuels and Future Fuels' predecessor, EPPCO, Inc., to provide funds for certain improvements at these gas stations. Defendant Fakhoury, the President and sole member of Future Fuels, guaranteed payment of Future Fuels' obligations to Plaintiff.

Future Fuels subsequently failed to submit timely payment to Plaintiff for purchases of products under the PSA. On July 7, 2009, Plaintiff sent a letter to Fakhoury indicating that Future Fuels owed Plaintiff a balance of $6,236,379.82 at that time and demanding payment pursuant to the personal guaranty. *See* Compl. Ex. G. Future Fuels was trying to refinance several loans and asked Plaintiff for additional time to work out payment arrangements. This was apparently unsuccessful and Future Fuels' financial difficulties continued, leading Wayne County Circuit Judge Robert Ziolkowski to appoint a receiver in the matter on April 26, 2010. *See* Countercl. Ex. G at 3.

On May 20, 2010, Plaintiff and Future Fuels entered into a "Letter Agreement"[1] setting forth terms upon which Future Fuels would be permitted to continue distributing Plaintiff's products and purchasing those products on credit. *See* Compl. Ex. I. This

---

[1] Future Fuels refers to this agreement as the "Amended Supply Agreement."

agreement acknowledged that as of April 30, 2010, Future Fuels' past due balance to Plaintiff totaled $6,552,000.  *Id.* at 1.  In order to be permitted to purchase fuels on credit, Future Fuels was required to make an initial payment of $450,000 to Plaintiff and provide a letter of credit in the amount of $200,000.  *Id.*  Future Fuels was also required to submit a plan within fourteen days outlining payment terms for the remaining past due balance. *Id.* at 2.  If the parties did not agree on a payment plan within thirty days of the date of the Letter Agreement, Plaintiff would be permitted to "take such action as is permitted by law to pursue Future Fuels for the Past Due Balance and other remedies under law."  *Id.*  The agreement further provided that if Future Fuels complied with the payment plan and there was no additional default, Plaintiff would not allow any other distributors (known in the industry as "jobbers") to supply the gas stations being supplied by Future Fuels.[2]  *Id.*

Plaintiff alleges that Future Fuels failed to make any payments under the Letter Agreement, and on June 30, 2010, Plaintiff sent a letter to Future Fuels terminating the franchise relationship.  *See* Pl.'s Mot. Ex. A.  This letter states that the relationship was being terminated because Future Fuels had failed to honor payment arrangements, had failed to purchase Marathon-branded products for distribution since June 2009, and had misbranded fuel using Marathon trademarks.  The letter further provided that the PSA, three Branding Agreements, and two Improvement Agreements would be terminated effective September 30, 2010.  Future Fuels alleges that it never received this letter, nor did its court-appointed receiver.  Countercl. ¶¶ 48-49.

---

[2] Future Fuels refers to this as the "cross-hauling" provision of the agreement.

On September 30, 2010, Plaintiff discontinued the processing of Marathon credit card payments at Future Fuels gas stations. The receiver contacted Plaintiff, indicating that court approval was required before taking such action. The receiver requested that Plaintiff reinstate credit card processing, but Plaintiff apparently refused.

Plaintiff filed this action soon afterward, asserting the following claims: Breach of Contract (PSA) (Count I); Breach of Contract (Personal Guaranty) (Count II); Breach of Contract (Improvement Agreements) (Count III); Unjust Enrichment / Quantum Meruit (Count IV); Promissory Estoppel (Count V); Liability of Fakhoury (Count VI); Breach of Oral Contract (Count VII); Account Stated (Count VIII); Violation of Lanham Act (Count IX); Breach of the Uniform Commercial Code (Count X); Conversion (Counts XI and XII); and Claim and Delivery (Count XIII). Plaintiff obtained a default judgment against Future Fuels, but the Court subsequently set this judgment aside. Future Fuels filed a Counter-complaint, alleging breach of the Supply Agreement and Amended Supply Agreement (Count I); breach of the Improvement Agreements (Count II); violation of the Petroleum Marketing Practices Act (Counts III and IV); and violation of the duty of good faith and fair dealing (Count V).

On July 19, 2011, Plaintiff moved for judgment on the pleadings with respect to the claims in its Complaint pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff also sought dismissal of Future Fuels' counterclaims pursuant to Rule 12(b)(6). In response, Future Fuels filed an Amended Counter-complaint pursuant to Rule 15(a)(1)(B), adding a

claim for unjust enrichment (Count VI).[3]

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that

---

[3] Rule 15 does not provide that a party may amend its pleading as a matter of course following a motion for judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing a party to amend once as a matter of course within "21 days after service of a motion under Rule 12(b), (e), or (f)."). Nonetheless, the Court shall address Future Fuels' unjust enrichment claim, because for reasons stated more fully below, the Court concludes that this claim lacks merit.

discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Plaintiff's Motion for Partial Judgment on the Pleadings

Plaintiff argues that it should be granted partial judgment on the pleadings, as Future Fuels has admitted that it owes Plaintiff $6,552,000 under the PSA and the Improvement Agreements. In support of this contention, Plaintiff points to statements in Future Fuels' Counter-complaint, Countercl. ¶ 16 ("Future Fuels incurred a balance owing to Marathon for a sum of Six Million Five Hundred Fifty-Two [Thousand] Dollars ($6,552,000.00)."), as well as Future Fuels' acknowledgment of this balance in the Letter Agreement. *See* Countercl. Ex. F ("Future Fuels acknowledges the monies it owes to MPC against its past

due account to be $6,552,000 as of April 30, 2010.").[4]  Future Fuels argues that Plaintiff

breached the Letter Agreement first, excusing Future Fuels' performance.  Specifically,

Future Fuels asserts that Plaintiff terminated the processing of credit card payments and

allowed other distributors to sell fuel to Future Fuels' branded outlets.  The relevant

section of the Letter Agreement states:

> The parties further agree that provided Future Fuels is in compliance with such
> Payment Plan and provided there has been no additional default on the part of
> Future Fuels, then MPC agrees that:
>
>> 1. any rebates earned under any single site agreement between them shall
>> not be retained by MPC to apply against the Past Due Balance of Future
>> Fuels; and,
>> 2. credit card assignments shall be forwarded to Future Fuels and shall not
>> be retained by MPC to apply against the Past Due Balance of Future Fuels;
>> and,
>> 3. MPC shall refrain from exercising any right it may have to pursue or
>> charge Future Fuels for default of the terms and conditions of the
>> agreements between them, including but not limited to the Branded Product
>> Supply and Trademark License Agreement dated January 24, 2009
>> ("PSA"), with regard to the practices of Future Fuels in supplying its
>> Marathon branded locations prior to the date hereof.
>> 4. MPC will not add to the Marathon branded product supply agreement of
>> another Marathon brand jobber any of Future Fuels' Branded Outlets (as
>> listed on Exhibit B to the PSA as of the date of this Letter Agreement)
>> without Future Fuels' written consent.

Compl. Ex. I at 2.  The paragraph immediately preceding Marathon's obligations plainly

conditions those obligations upon Future Fuels' "compliance with such Payment Plan" and

the non-occurrence of an "additional default on the part of Future Fuels."  Future Fuels has

---

[4] Future Fuels filed an Amended Counter-complaint on August 9, 2011, removing the
paragraph in which it admitted this past due balance.  This amended pleading, however,
still incorporates the Letter Agreement, in which Future Fuels acknowledged the past due
balance.

not pleaded facts indicating that it complied with its payment obligations under the Letter Agreement.  Absent such facts, the Court cannot infer that Plaintiff was required to honor the Letter Agreement's credit card processing and cross-hauling provisions.  As Plaintiff did not breach the Letter Agreement first, Future Fuels' performance was not excused.

Future Fuels has acknowledged that it owes the sum of $6,552,000 to Plaintiff under the various agreements between the parties, and the pleadings fail to allege any facts upon which this obligation can be excused.  Plaintiff is therefore entitled to judgment on the pleadings in this amount with respect to its claims for breach of contract (Counts I, III, VII, and X) and account stated (Count VIII).  Because the validity of Fakhoury's guaranty has not been disputed, Plaintiff is also entitled to judgment on the pleadings with respect to its claims for breach of the guaranty (Count II) and liability of Fakhoury (Count VI).

### IV. Plaintiff's Motion to Dismiss Future Fuels' Counterclaims

Plaintiff argues that Future Fuels' counterclaims must be dismissed, and the Court shall address these claims in turn.

### A. Breach of Contract

Future Fuels alleges that Plaintiff breached the PSA by wrongfully suspending the processing of credit card transactions and terminating the PSA without providing 90 days' notice.[5]  According to Future Fuels, Plaintiff took these actions on or about September 30, 2010, several months after Future Fuels breached the PSA by failing to make payments

---

[5] Future Fuels also alleges violations of a term of the PSA prohibiting the sale of "hot fuel," *see* Countercl. ¶ 60(c), but this claim must be dismissed for failure to plead any supporting facts.

8

owed to Plaintiff.  The Court concludes that Future Fuels committed the first substantial breach of the PSA, excusing Plaintiff's performance.  Thus, Future Fuels' counterclaim for breach of the PSA must be dismissed.

Future Fuels contends that Plaintiff breached the cross-hauling provisions of the Letter Agreement by supplying Future Fuels' branded outlets through other Marathon distributors.  As noted above, these provisions were expressly conditioned upon Future Fuels' compliance with its payment plan, and Future Fuels has failed to plead facts indicating that it complied.  The Court therefore concludes that Plaintiff did not breach the Letter Agreement.

Future Fuels claims that Plaintiff breached the Improvement Agreements by terminating the PSA without giving 90 days' notice, Countercl. ¶ 64, but the provisions cited by Future Fuels only state that each Improvement Agreement terminates upon termination of the PSA.  *See* Countercl. Exs. A § 9, B § 6(a)(4), C § 1(i)(3), D § 6(a)(4).  The Court has concluded that Future Fuels has not stated a claim for wrongful termination of the PSA.  Because termination of the PSA results in the termination of the respective Improvement Agreements, the claims asserted under each Improvement Agreement fail for the same reasons.

## B. Violations of the Petroleum Marketing Practices Act

Future Fuels alleges that Plaintiff violated the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2802(d)(1)(A), by terminating the franchise relationship without providing the necessary notice.  The statute requires delivery of the notice via certified mail or personal delivery to the franchisee.  15 U.S.C. § 2804(c)(2).  Plaintiff argues that it

provided the required notice and satisfied all delivery requirements, pointing to a letter to Fakhoury dated June 30, 2011.[6]  *See* Pl.'s Mot. Ex. A.  Although this letter appears to satisfy the statute's content requirements and displays the words "via certified U.S. mail, return receipt requested," this does not establish that the letter was actually delivered to Fakhoury personally or sent via certified mail.  Future Fuels alleges that it never received the termination notice, nor did its receiver.  Countercl. ¶ 75.  For purposes of Plaintiff's motion to dismiss, the Court must accept this allegation as true.  If the notice was not sent or delivered as required, Plaintiff's termination of the franchise relationship may have violated 15 U.S.C. § 2802(d)(1)(A).  Future Fuels has asserted a plausible claim under the PMPA, and Plaintiff's motion to dismiss must be denied with respect to this claim.

Future Fuels asserts a second claim under the PMPA, alleging that Plaintiff failed to provide 90 days' notice of its intent to terminate the franchise relationship as required by § 2804(a).  Because the pleadings do not establish that Future Fuels received the notice required by § 2804, the Court concludes that this claim cannot be dismissed.

Plaintiff contends that the applicable statute of limitations bars Future Fuels' PMPA claims, but the Court disagrees.  The statute requires an aggrieved franchisee to bring its claim within 1 year after the later of: (1) the date of termination of the franchise; or (2) the date the franchisor fails to comply with the statute's requirements.  15 U.S.C. § 2805(a).  The notice of termination was allegedly sent to Future Fuels on June 30, 2010, and the

---

[6] Future Fuels argues that this letter is not properly considered in evaluating the motion under Rule 12(b)(6), but the Court notes that as a document referred to in the Counter-complaint, it is appropriately considered at this time.  *See Greenberg*, 177 F.3d at 514.

franchise was terminated on September 30, 2010. Future Fuels asserted its PMPA claims on June 29, 2011, prior to the expiration of the limitations period. The Court therefore concludes that Future Fuels' claims were timely filed.

## C. Bad Faith

Future Fuels asserts that Plaintiff breached the PSA and Letter Agreement, violating the duty of good faith and fair dealing implied in these contracts. Countercl. ¶¶ 90-92. The Court has concluded, however, that Future Fuels first breached these agreements by failing to make the required payments to Plaintiff. Plaintiff was not obligated to perform; thus, its refusal to perform does not demonstrate bad faith. Accordingly, this claim must be dismissed.

## D. Unjust Enrichment

In its unjust enrichment claim, Future Fuels asserts that Plaintiff made a deliberate effort not to protect Future Fuels' exclusive distributorship with respect to its branded outlets, resulting in assignment of those outlets to other Marathon distributors. Countercl. ¶ 104-05. Under the theory of unjust enrichment, the law will imply a contract where one party inequitably receives and retains a benefit from another. *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 194-95, 729 N.W.2d 898, 903-04 (Mich. App. 2006). Plaintiff's position is that it was under no obligation to prevent cross-hauling, as Future Fuels breached the Letter Agreement by failing to make necessary payments.[7] As stated

---

[7] Future Fuels contends that Plaintiff's argument is improperly raised in a reply brief, but Future Fuels added the unjust enrichment claim in its amended Counter-complaint, filed after Plaintiff's motion. Thus, the reply brief was Plaintiff's first opportunity to address this claim. Moreover, Future Fuels responded to many of Plaintiff's arguments in its sur-

above, the Court has concluded that Plaintiff's obligations under the Letter Agreement were conditioned upon Future Fuels making its initial payment and submitting a payment plan. Future Fuels has failed to plead facts indicating that it satisfied these conditions. The Court cannot conclude that Plaintiff was obligated to honor the Letter Agreement's cross-hauling provisions. Thus, there is no indication that the result here was unjust; Plaintiff was not required to prevent the cross-hauling that is the subject of Future Fuels' claim. Moreover, an unjust enrichment claim does not lie where an express contract between the parties covers the same subject matter. *Id.* at 194, 729 N.W.2d at 903. The Letter Agreement constitutes such a contract, and bars Future Fuels' claim.

### V. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for partial judgment on the pleadings is **GRANTED** with respect to the following claims in Plaintiff's Complaint: Breach of Contract (PSA) (Count I); Breach of Contract (Personal Guaranty) (Count II); Breach of Contract (Improvement Agreements) (Count III); Liability of Fakhoury (Count VI); Breach of Oral Contract (Count VII); Account Stated (Count VIII); and Breach of the Uniform Commercial Code (Count X). Plaintiff is entitled to the amount of $6,552,000 on its claims.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss Future Fuels' Counter-complaint is **GRANTED IN PART** and **DENIED IN PART**. The following

---

reply brief. The Court therefore concludes that Plaintiff's argument is properly raised at this time.

claims in the Counter-complaint are **DISMISSED**: breach of the Supply Agreement and Amended Supply Agreement (Count I); breach of the Improvement Agreements (Count II); violation of the duty of good faith and fair dealing under the Uniform Commercial Code (Count V); and unjust enrichment (Count VI).  Plaintiff's motion is denied with respect to Future Fuels' claims for violation of the Petroleum Marketing Practices Act (Counts III and IV).

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Abdu H. Murray, Esq.
Scott A. Warheit, Esq.
Amy M. Johnston, Esq.
Mohsin A. Mashhour, Esq.
Shereef H. Akeel, Esq.
Troy C. Otto, Esq.