UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARATHON PETROLEUM COMPANY LP, a Delaware limited partnership, <br><br> Plaintiff, <br><br> v. <br><br> FUTURE FUELS OF AMERICA, LLC, a Michigan limited liability company; HAKIM FAKHOURY also known as ABDELHAKEEM FAKHOURY, an individual; and OASIS OIL, LLC, a Michigan limited liability company, <br><br> Defendants. <br><br> And <br><br> OASIS OIL, LLC, a Michigan limited liability company, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> NIDAL ZRIEK, an individual, and MONROE GAS & MART, INC., a Michigan Corporation, <br><br> Third-Party Defendant. | Hon. Patrick J. Duggan <br> Magistrate Judge: Mark A. Randon <br><br> Civil Action No.: 2:10-cv-14068 |

___

### ORDER OF CLARIFICATION GRANTING MARATHON PETROLEUM COMPANY LP'S MOTION TO QUASH DEFENDANTS' THIRD-PARTY SUBPOENAS (DKT. NOS. 54, 82)

Defendant Future Fuels of America, LLC ("Future Fuels") asks this Court to clarify its Order regarding the third-party subpoenas Future Fuel issued to several of Plaintiff Marathon Petroleum Company LP's ("Marathon") suppliers. (Dkt. No. 82).

On July 27, 2011, Marathon moved to quash Future Fuels' third-party subpoenas (Dkt. No. 54). The Order at issue was entered on October 24, 2011 (Dkt. No. 73). The Order left open for resolution certain issues based on Judge Patrick Duggan's anticipated ruling on Plaintiff's motion to dismiss Future Fuels' Counter-complaint and for partial judgment on the pleadings with respect to Marathon's claims. On January 24, 2012, following Judge Duggan's Opinion and Order granting the motion for partial judgment on the pleadings and granting in part the motion to dismiss (Dkt. No. 80), this Magistrate Judge conducted a telephone conference with the parties and is now clarifies its Order as follows:

(1) the documents sought in the subpoena are not relevant or reasonably calculated to lead to the discovery of admissible evidence in light of Judge Duggan's Opinion and Order dismissing all but Counts III and IV of Future Fuels' Counter-complaint. The surviving counts relate to whether Marathon provided proper *notice* to terminate its franchise relationship with Future Fuels under the Petroleum Marketing Practices Act. The documents sought in the subpoena have no conceivable bearing on this notice issue.[1] Accordingly,

---

[1] Marathon can challenge the third-party subpoenas. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Mann v. University of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997) (quoting *Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459* (1995)). Future Fuel's third-party subpoenas seek documents from Marathon's suppliers. Because the documents sought contain information related to Marathon's internal operations (product sales, distributions, pricing and margins) and could be used to its competitors advantage in the marketplace, Marathon has standing. *See AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, No. 08-3388, 2010 WL 1529195 (D. Md. April 15, 2010) (defendant had standing to challenge subpoena against nonparty because it sought production of internal documents related to defendant's employees, operations, and technology).

**IT IS ORDERED** that Marathon's motion to quash Future Fuels' third-party subpoenas is **GRANTED**.  The subpoenas at issue are **QUASHED**.

*s/Mark A. Randon*
Mark A. Randon
United States Magistrate Judge

Dated:  January 24, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, January 24, 2012, electronically.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*

GR_DOCS 1762175v1