UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARATHON PETROLEUM COMPANY,
LP, a Delaware limited partnership,

    Plaintiff,

v.

FUTURE FUELS OF AMERICA, LLC, a
Michigan limited liability company,
HAKIM FAKHOURY a/k/a
ABDELHAKEEM FAKHOURY, an
individual, and OASIS OIL, LLC, a
Michigan limited liability company,

    Defendants.
_____/

Case No. 10-14068

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_May 23, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

The facts of this case have been set forth in several of this Court's previous opinions, and the Court sees no need to review them in detail here. Marathon Petroleum Company LP ("Marathon") alleges that Future Fuels of America, LLC ("Future Fuels") and Hakim Fakhoury breached contracts relating to the sale and distribution of petroleum products. Future Fuels has also asserted claims against Marathon in a Counter-Complaint. Marathon moved for partial judgment on the pleadings with respect to its claims, and in an Opinion

and Order dated December 14, 2011, the Court granted Marathon's motion, concluding that Marathon is entitled to recover $6,552,000 on its claims. Marathon also moved to dismiss the Counter-Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court granted this motion in part, dismissing Counts I, II, V, and VI, which alleged that Marathon breached contracts with Future Fuels, violated the duty of good faith and fair dealing, and was unjustly enriched by appropriating Future Fuels' clients and goodwill. The Court concluded that it could not dismiss Counts III and IV of the Counter-Complaint, which alleged that Marathon violated the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq.* Presently before the Court is Marathon's motion for summary judgment with respect to Counts III and IV of the Counter-Complaint. This matter has been fully briefed, and the Court heard oral argument on May 10, 2012. For reasons set forth below, the Court grants Marathon's motion.

## I. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

2

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## II. Discussion

**A. Constructive Termination**

The parties disagree as to whether Future Fuels' claim for constructive termination of its franchise has been dismissed. Future Fuels alleges that Marathon constructively terminated its franchise by supplying fuel to Future Fuels' branded stores through other distributors, in violation of the "cross-hauling" provisions of the parties' Product Supply Agreement and their "Letter Agreement." Countercl. ¶¶ 60g, 61, 73, 74. The Court's December 14, 2011 Opinion and Order addressed this claim. The Court concluded that Future Fuels breached the Supply Agreement first by failing to make payments for fuel

3

delivered by Marathon. The Court therefore determined that Future Fuels' counterclaim for breach of the Supply Agreement must be dismissed. 12/14/2011 Op. & Order at 8-9. The Court also concluded that the Letter Agreement's cross-hauling provisions were conditioned upon Future Fuels' compliance with a payment plan. Because Future Fuels did not plead facts indicating that it had complied, the Court concluded that Future Fuels had not stated a plausible claim for breach of the Letter Agreement. *Id.* at 9.

The Court addressed these claims in its discussion of Counts I and II of the Counter-Complaint, which specifically alleged breaches of the relevant agreements. The Court did not address these allegations a second time in the context of Future Fuels' PMPA claims. The Sixth Circuit has recognized a cause of action under the PMPA for the constructive termination of a franchise. *See Clark v. BP Oil Co.*, 137 F.3d 386, 390-91 (6th Cir. 1998) (constructive termination PMPA claim arises where the franchisor breached the franchise agreement). It is clear, however, that if Future Fuels failed to plead a plausible breach of contract, the alleged breach cannot constitute a violation of the PMPA. Future Fuels is mistaken in suggesting that a constructive termination claim remains viable.

**B. Notice Requirements**

In Counts III and IV of the Counter-Complaint, Future Fuels alleges that Marathon failed to give the notice required by the PMPA before terminating Future Fuels' franchise. *See* Countercl. ¶¶ 70-71, 75-76, 84. The statute requires that at least 90 days before the termination of a franchise, the franchisor must provide the franchisee with a written notice containing: (1) a statement of the intention to terminate the franchise or to not renew the franchise, along with the franchisor's reasons for doing so; (2) the date on which the

termination or nonrenewal takes effect; and (3) a summary of the PMPA's provisions prepared by the Secretary of Energy.  15 U.S.C. § 2804(c)(3).  The notice to the franchisee "shall be posted by certified mail or personally delivered to the franchisee." 15 U.S.C. § 2804(c)(2).

Marathon asserts that the notice it mailed to Future Fuels satisfies the requirements of the statute.  In support of this assertion, it points to the affidavit of William McCleave, manager of Marathon's Brand Marketing Division.  McCleave states that he signed and mailed the termination notice to Fakhoury at the last known address for Future Fuels and that this notice complied with the statutory requirements.  *See* McCleave Aff. ¶ 5-6, Pl.'s Br. Ex. B.  Attached to McCleave's affidavit is a copy of the notice that he claims was mailed to Fakhoury.  *See* McCleave Aff. ¶ 5; Notice of Termination, Pl.'s Br. Ex. B-1.  The notice is dated June 30, 2010, and states that Future Fuels' franchise is terminated effective September 30, 2010 for three reasons: (1) failure to pay Marathon money to which it is entitled; (2) failure to honor payment arrangements; and (3) failure to purchase Marathon-branded products for resale since June 2009.  The notice also includes the Department of Energy's summary of the PMPA.

As proof that the statute's requirement of certified mail or personal delivery was satisfied, Marathon has provided copies of the front and back of the envelope returned by the United States Postal Service.  The envelope displays a "certified mail" sticker, a postmark date of June 30, 2010, and is addressed as follows:

    Mr. Abdelhakeem Fahkoury
    Future Fuels of America, LLC
    3822 Dix Road

    Lincoln Park, MI 48146

Pl.'s Br. Ex B-2. Fakhoury testified that this was the correct mailing address for Future Fuels.[1] Fakhoury Dep. 165:3-5, Sep. 8, 2011.

    Future Fuels raises several issues with respect to Marathon's proof of delivery. First, the envelope bears an incorrect spelling of Fakhoury's name, which reads "Fahkoury." It is implausible to assert that the transposition of two letters in Fakhoury's name impeded delivery of the notice to Fakhoury in any way. The notice was sent to Future Fuels at its correct address, and there can be little doubt that the notice as it was labeled would make its way to Fakhoury, Future Fuels' sole member. Second, Future Fuels asserts that one copy of the envelope's front does not state "certified mail" on its face. *See* Pl.'s Br. Ex. B-2 at 1. This appears to be an issue with the photocopy itself, which does not display the upper portion of the "certified mail" sticker. The entire sticker, including these words, is visible on the second page. The two pages clearly display the same envelope and certified mail sticker. Third, Future Fuels argues that the second page does not display the postmark date of June 30, 2010. While that page does appear to display a postmark, it is illegible. The postmark is clear on the first page, however, and indicates that the envelope was mailed on June 30, 2010. The Court also granted Marathon leave to file as an exhibit the sealed envelope that was mailed to Future Fuels and later returned by the United States

---

[1] The Court also notes that Future Fuels sent correspondence to Marathon from this address only a few weeks prior to June 30, 2010. The Letter Agreement, in which Future Fuels recognized the debt owed to Marathon, is dated May 20, 2010 and bears the Dix Road address in Lincoln Park. *See* Am. Countercl. Ex. F.

Postal Service.[2] Marathon filed this exhibit with the Court on May 15, 2012. The Court is satisfied that Marathon has provided sufficient proof that the termination notice was mailed in accordance with the statute's requirements.

Future Fuels repeatedly asserts that the PMPA required Marathon to send the notice of termination to Future Fuels' receiver, because Future Fuels was in receivership as of April 26, 2010. The PMPA provides: "[T]he franchisor shall furnish notification of such termination or such nonrenewal *to the franchisee who is a party to such franchise or such franchise relationship*." 15 U.S.C. § 2804(a) (emphasis added). Marathon has established that it sent the notice to the franchisee, Future Fuels, via certified mail. This is all that the statute requires. Future Fuels has not cited any authority holding that the PMPA requires a franchisor to send a termination notice to a third party. The Court is unaware of any such authority, and declines Future Fuels' invitation to read a new requirement into the statute. It might have been wise for Marathon to have provided the receiver with the termination notice, as this may have allowed Marathon to avert a confrontation with the receiver once the termination was carried out. Such concerns, however, are irrelevant with respect to liability under the PMPA.

Future Fuels notes that the receiver requested the forwarding of Future Fuels' mail on July 8, 2010, the same day that the Postal Service attempted to deliver the notice of termination. Future Fuels suggests that this is evidence that Marathon attempted to avoid dealing with the receiver. The Court disagrees. Marathon mailed the notice on June 30,

---

[2] The Court indicated at oral argument that it would accept this exhibit, which was designated Exhibit 1 to Marathon's motion.

2010, and there is no evidence that it had any control over the Postal Service's delivery of that notice. Nor could Marathon have known the date on which the receiver would request the forwarding of Future Fuels' mail. If the receiver had requested mail forwarding at an earlier date, he would have received Marathon's notice.

Future Fuels also disagrees with Marathon's assertion that delivery of the notice was refused. The Court notes that the envelope bears a sticker dated July 10, 2010, reading as follows:

> Return to Sender
> Refused
> Unable to Forward

Pl.'s Br. Ex. B-2. Future Fuels suggests that Fakhoury was unable to accept "service" of the notice due to the receivership.[3] Def.'s Br. 11 ("[E]ven if the Notice had been delivered to Defendant Hakim (which it was not), he could not have accepted service since he was not even in control of the distributorship."). The Court is unaware of any authority for the proposition that a person in receivership must refuse delivery of mail. Even if Future Fuels could demonstrate that delivery was not possible under these circumstances, the Court notes that the PMPA does not require delivery of the notice; "post[ing] by certified mail" is sufficient. 15 U.S.C. § 2804(c)(2). Other courts that have considered this issue

---

[3] The Court notes that the PMPA does not refer to "service" of the termination notice, but rather, requires that it be "posted by certified mail." 15 U.S.C. § 2804(c)(2). For this reason, the Court rejects Future Fuels' argument that Michigan Court Rule 2.105, which provides that "service" is effective only upon receipt of mail, is controlling. That court rule involves service of a summons and complaint upon a defendant, and nothing in the statute indicates that the requirements for service of process apply. Moreover, the Court is not persuaded that a state court rule can govern notice requirements established by a federal statute such as the PMPA.

have concluded that the franchisee's receipt of the notice is unnecessary. *See In re Smith*, CCH Bus. Franchise Guide, ¶ 9264 (D. Mass Bankr. 1988) ("[The] PMPA only requires that a notice of termination is posted by certified mail and does not require receipt of it." (citing *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1212 (7th Cir. 1983); § 2804(c)(2))).

There can be no dispute that Marathon satisfied the PMPA's requirements with respect to the notice of termination. The Court therefore grants summary judgment for Marathon as to Counts III and IV of the Counter-Complaint.

## C. Fakhoury and Future Fuels' Authority to Proceed

In response to a motion filed by Marathon, the Court previously entered an order requiring Future Fuels to show cause why it has authority to proceed in its counterclaims against Marathon. The Court believed that this order was necessary because at one time, both Future Fuels and Fakhoury were in receivership, and the order of receivership limited the pursuit of certain claims in court absent the receiver's approval. In response, counsel for Future Fuels submitted an affidavit and pointed to an e-mail message from the receiver which he believed established the authority to proceed. The Court need not resolve this question, however, in light of its conclusion that Future Fuels' remaining counterclaims lack merit.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that Marathon's motion for summary judgment with respect to Future Fuels' counterclaims is **GRANTED**.

9

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Abdu H. Murray, Esq.
Scott A. Warheit, Esq.
Amy M. Johnston, Esq.
Mohsin A. Mashhour, Esq.
Shereef H. Akeel, Esq.
Troy C. Otto, Esq.