UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARATHON PETROLEUM COMPANY,
LP, a Delaware limited partnership,

    Plaintiff,

v.

FUTURE FUELS OF AMERICA, LLC, a
Michigan limited liability company,
HAKIM FAKHOURY a/k/a
ABDELHAKEEM FAKHOURY, an
individual, and OASIS OIL, LLC, a
Michigan limited liability company,

    Defendants.
_____/

Case No. 10-14068

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 23, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

This suit involves the operation of a number of gas stations which were at one time owned by Future Fuels of America, LLC ("Future Fuels"). The matter is before the Court on a motion for summary judgment filed by Defendant Oasis Oil, LLC ("Oasis"). The Court heard oral argument on this motion on May 10, 2012. For the reasons stated below, the Court denies the motion.

**I. Background**

The plaintiff in this action, Marathon Petroleum Company LP ("Marathon"), alleges that Future Fuels and its sole member, Hakim Fakhoury, breached contracts relating to the sale and distribution of petroleum products. Marathon terminated Future Fuels' franchise to distribute Marathon-branded products. Soon afterward, several of the gas stations operated by Future Fuels were sold to Oasis. Oasis was at that time owned by Mohammed Fakhoury, the brother of Hakim Fakhoury, but Mike Hammame now claims to be the sole owner. The gas stations sold to Oasis continued to display Marathon's trademarks after the sale.

Marathon filed this suit on October 11, 2010, naming Future Fuels, Hakim Fakhoury, and Oasis as defendants. The Complaint asserted the following claims: Breach of Contract (Product Supply Agreement) (Count I); Breach of Contract (Personal Guaranty) (Count II); Breach of Contract (Improvement Agreements) (Count III); Unjust Enrichment / Quantum Meruit (Count IV); Promissory Estoppel (Count V); Liability of Fakhoury (Count VI); Breach of Oral Contract (Count VII); Account Stated (Count VIII); Violation of Lanham Act (Count IX); Breach of the Uniform Commercial Code (Count X); Conversion (Counts XI and XII); and Claim and Delivery (Count XIII).

Marathon moved for judgment on the pleadings with respect to its claims against Future Fuels and Fakhoury, and the Court granted this motion in an Opinion and Order dated December 14, 2011. Oasis now moves for summary judgment with respect to Marathon's claims against it.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any

material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553.  Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).  To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.  The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III. Discussion

**A. Lanham Act Claim**

The parties dispute whether Marathon has pleaded a claim against Oasis for violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.* Oasis notes that the Complaint defines the term "Defendants" to include only Future Fuels and Fakhoury. *See* Compl. ¶ 15. Oasis asserts that Marathon's Lanham Act claim is brought only against "Defendants," and thus excludes Oasis. The Court notes, however, that this claim requests injunctive relief against "Oasis Oil." *Id.* ¶ 179. In addition, the Complaint's general allegations section states that "Oasis Oil, LLC wrongfully and intentionally deceived the general public by continuing to display the Marathon brand and/or Marks without proper license." *Id.* ¶ 76. The Court believes that Marathon has pleaded a Lanham Act claim against Oasis.

Oasis argues that even if it is the subject of Marathon's Lanham Act claim, the claim fails to satisfy the particularity standard of Federal Rule of Civil Procedure 9(b). The Court believes that Oasis has waived this argument, as it filed an Answer to the Complaint on December 20, 2010. *See Kujat v. Harbor Freight Tools USA, Inc.*, No. 09-14183, 2010 U.S. Dist. LEXIS 89205, at *7-8 (E.D. Mich. Aug. 30, 2010) ("Since Defendant has already answered the complaint, it apparently had enough information from the allegations to form an answer, and any objection to the sufficiency of the pleaded allegations is now waived."); *see also* Moore's Federal Practice - Civil § 9.03[5] ("If the failure to plead with particularity under Rule 9(b) is not raised in the first responsive pleading or in an early motion, the issue will be deemed waived."). Furthermore, Marathon correctly asserts that a plaintiff need not prove fraud in a claim asserting the likelihood of consumer confusion. *See Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 647 (6th Cir.

4

1982) (likelihood of confusion claim does not require intentional misrepresentation). The Court finds no basis for requiring Marathon's claim to satisfy Rule 9(b)'s standard.

Oasis contends that Marathon's Lanham Act claim also fails because Marathon has not established actual consumer confusion. Oasis argues that actual confusion is necessary to obtain damages under § 1125(a), citing *Frisch's*. *Frisch's*, however, did not involve a claim for damages. The plaintiff sought only preliminary and permanent injunctions against the alleged infringer. *Frisch's*, 670 F.2d at 645-46. To the extent that *Frisch's* requires a showing of actual confusion to obtain damages, such statements are mere dicta. Oasis also cites in support of its argument *Brunswick Corp. v. Sprint Reel Co.*, 832 F.2d 513 (10th Cir. 1987), and *Schutt Manufacturing Co. v. Riddell, Inc.*, 673 F.2d 202 (7th Cir. 1982). The Sixth Circuit has expressly rejected the reasoning of those decisions in the context of a consumer confusion claim brought under § 1125(a):

> Defendants argue that actual confusion, proof of which is lacking in this case, must be shown to justify a monetary award. Neither [*Brunswick* nor *Schutt*] support this proposition. Defendants' cases did not discuss the "profits" language in the statute. Moreover, to the extent they can be read to require the plaintiff to prove actual confusion before he can recover profits from an infringer, they are contrary to the Supreme Court's reasoning in *Mishawaka* [*Rubber & Woolen Manufacturing Co. v. S.S. Kresge Co.*, 316 U.S. 203, 62 S. Ct. 1022 (1942)] and must be disregarded. *See* 316 U.S. at 204 (holding that plaintiff was entitled to recover profits even though "there was no evidence that particular purchasers were actually deceived into believing that the [goods] sold by the [infringer] were manufactured by the [mark's owner]").

*Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 606 (6th Cir. 1991). In *Wynn*, the plaintiff asserted claims of trademark infringement and unfair competition under §§ 1114 and 1125(a) of the Lanham Act. The parties agreed that there was no evidence of actual consumer confusion. *Wynn*, 943 F.2d at 600. The district court granted the plaintiff's

5

request for injunctive relief, but denied an award of damages. On appeal, the Sixth Circuit held that a plaintiff need not show actual confusion to obtain an award of damages, and therefore, concluded that the district court had "abused its discretion by refusing to award plaintiff[] a recovery based on defendants' profits." *Id.* at 606. The Court believes that *Wynn* is controlling, and accordingly rejects Oasis's argument.

Moreover, even if Marathon were required to establish actual confusion, the Court believes that the evidence here is sufficient to defeat summary judgment on that basis. It is not disputed that the Oasis-owned gas stations displayed Marathon's trademarks after the expiration of Marathon's franchise agreement with Future Fuels. Oasis does not assert that it had any relationship with Marathon; thus, there is no arguable basis for finding that the sale of fuel under the Marathon marks was proper. As fuel was sold to customers using Marathon's actual marks, it is quite likely that the customers believed they were purchasing Marathon fuel. When evaluating a motion for summary judgment, the Court must draw all justifiable inferences in the non-movant's favor. Here, it is reasonable to infer that customers were actually mistaken with respect to the source of the fuel.

Oasis next attacks the substance of Marathon's claim, asserting that it is entitled to summary judgment because it was not involved in the marketing, promotion, or sale of any goods bearing Marathon's marks. Oasis relies upon the affidavit of Mike Hammame, the current owner of Oasis. Hammame asserts that Oasis is a holding company engaged in land acquisitions for investment purposes, and that it has never operated any fuel stations, including the stations at issue in this case. Hammame Aff. ¶¶ 9-10. Hammame claims that these stations were all leased out to third parties who operated the stations, and thus, Oasis

6

lacked control over the signage at those locations. *Id.* ¶¶ 17, 19. In addition, Hammame notes that Oasis entered into a stipulated order on October 14, 2010, agreeing to remove or cover up infringing marks on gas stations it owned. *Id.* ¶ 14. Oasis also filed a third-party complaint against one of the station operators, seeking eviction for failure to cooperate in de-branding of the station. *Id.* ¶ 15.

In response, Marathon points to evidence supporting its Lanham Act claim against Oasis. The franchise agreement covering the stations at issue expired on September 30, 2010. Oasis purchased these stations on October 1, 2010, and Marathon's marks were displayed on the stations until at least October 14, 2010, the date when the stipulated order was signed. According to David Hardy, a contractor hired by Marathon to de-brand the stations owned by Oasis, he was confronted by a woman named Kaleen Mozham when he entered the property of the Oasis station in Wyandotte, Michigan.[1] Hardy Aff. ¶ 11. Mozham allegedly told Hardy to leave, as the property was owned by Oasis rather than Future Fuels, and Oasis was not associated with Marathon. *Id.* ¶ 12. Mozham further stated that she would call other Future Fuels dealers so that they would be aware of Hardy's efforts to de-brand their sites. *Id.* ¶ 15. Marathon disputes Oasis's claim to be solely a landlord with respect to the gas stations in question, noting that in November 2010, Oasis made a $7,000 payment to a "jobber," M & L Petroleum.[2] Marathon argues

---

[1] It is not entirely clear that Hardy's encounter with Mozham occurred at the Wyandotte location, as Hardy's deposition testimony indicates that he may have been mistaken about this. Hardy Dep. 47:19-23, May 23, 2011. The alleged statement by Mozham, however, indicates that the encounter occurred at a station owned by Oasis.

[2] "Jobber" is a term used in the industry for a fuel distributor.

that this establishes that Oasis was closely involved in the operation of the gas stations it owned.

For purposes of Oasis's motion for summary judgment, the court accepts Marathon's evidence as true and draws all justifiable inferences in Marathon's favor. *See Liberty Lobby*, 477 U.S. at 255, 106 S. Ct. at 2513. Under this standard, the evidence is sufficient to implicate Oasis in the alleged trademark infringement. Mozham's statements indicate that one or more stations owned by Oasis continued to bear Marathon's marks after the Marathon franchise agreement was terminated. Mozham's comment that Oasis was "not associated with Marathon" indicates an awareness that the stations' use of the Marathon marks was no longer permitted. Her statement also suggests that Oasis had not granted or would not grant Hardy permission to enter the property to de-brand the station. Moreover, the circumstances surrounding the sale of the gas stations to Oasis suggest an improper purpose. The sale closed immediately following the termination of the Marathon franchise agreements, and the stations were sold to an entity which was at the time owned by Defendant Fakhoury's brother. In this light, the statement that Oasis now owned the station and was not affiliated with Marathon takes on added significance. It could be inferred that the transfer to Oasis was made for the purpose of obstructing Marathon's de-branding efforts. The Court also notes that the evidence is sufficient to infer that Oasis was not simply a landlord with respect to these gas stations. A large payment to a fuel distributor indicates some level of involvement in the operation of the gas stations. The exact nature and purpose of this transaction is not clear, but the Court believes that a question of fact remains as to the involvement of Oasis in operating the gas stations. If

8

Oasis was operating any of the stations and used Marathon's trademarks without permission, Oasis could be liable under the Lanham Act. The Court therefore concludes that Oasis's motion for summary judgment must be denied.

**B. Conversion Claim**

Oasis argues that it is entitled to summary judgment with respect to Marathon's conversion claim. "[C]onversion is any distinct act of dominion wrongfully exerted over another person's personal property." *Pamar Enters., Inc. v. Huntington Banks*, 228 Mich. App. 727, 734, 580 N.W.2d 11, 15 (Mich. Ct. App. 1998) (citing *Trail Clinic, P.C. v. Bloch*, 114 Mich. App. 700, 705, 319 N.W.2d 638, 640 (Mich. Ct. App. 1982)). "There may be a deprivation that is only temporary, as where the plaintiff's personal property is restored to him." *Id.* (citing *Even-Heat Co. v. Wade Elec. Prods. Co.*, 336 Mich. 564, 572, 58 N.W.2d 923, 927 (Mich. 1953)). Oasis does not appear to dispute that the gas stations in question displayed Marathon's marks and signage, or that Hardy was prevented from entering the respective properties to recover Marathon's signage in early October 2010. The only dispute appears to be the extent of Oasis's control over the premises; that is, whether Oasis actually exercised dominion over Marathon's property. As discussed above, the Court believes that when the evidence is viewed in a light favorable to Marathon, a genuine dispute of fact remains with respect to Oasis's control. This dispute precludes a grant of summary judgment.

Marathon also alleges that Oasis is liable for treble damages under Michigan's conversion statute, which provides in pertinent part:

A person damaged as a result of either or both of the following may recover 3

9

    times the amount of actual damages sustained, plus costs and reasonable attorney fees: (a) Another person's stealing or embezzling property or converting property to the other person's own use.

Michigan Compiled Laws § 600.2919a(1) (2012). Oasis argues that Marathon has failed to show actual knowledge that the property was converted, but this argument relies upon an older version of the statute, which was subsequently amended effective June 16, 2005.[3] The current Michigan conversion statute does not impose a knowledge requirement; the plaintiff must only prove that another person converted property to his own use. Marathon alleges that Oasis converted its marks and signage, and the Court has concluded that a genuine dispute of fact remains with respect to this claim. The Court accordingly denies summary judgment as to Marathon's statutory conversion claim.

### IV. Conclusion

For the reasons set forth above, the Court concludes that genuine disputes of fact preclude a grant of summary judgment in favor of Oasis.

Accordingly,

**IT IS ORDERED** that Oasis Oil, LLC's motion for summary judgment is **DENIED**.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

---

[3] The statute previously read: "A person damaged as a result of another person's buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property when the person buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney's fees. This remedy shall be in addition to any other right or remedy the person may have at law or otherwise." Michigan Compiled Laws § 600.2919a (2005).

Copies to:

Abdu H. Murray, Esq.
Scott A. Warheit, Esq.
Amy M. Johnston, Esq.
Mohsin A. Mashhour, Esq.
Shereef H. Akeel, Esq.
Troy C. Otto, Esq.